# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:18-cr-232-CEH-JSS

MARY BELL RODRIGUEZ

_____

## ORDER

This cause comes before the Court on the motion of the Government, on behalf of the Director of the Federal Bureau of Prisons, to Reduce Term of Imprisonment to Time Served (Doc. 147), as to Defendant Mary Bell Rodriguez.  In the motion, the Government indicates that Defendant has been diagnosed with stage IV small cell carcinoma with metastatic disease to her liver, brain, and skull. The Government notes that she is considered terminally ill with a poor prognosis, a life expectancy of less than 18 months, and an end-of-life trajectory. It seeks a reduction in Defendant Rodriguez's sentence to time-served pursuant to 18 U.S.C. § 352(c)(1)(A)(i). The Probation Department has provided a memorandum regarding the suitability of Defendant's proposed release plan. Doc. 150. Upon review and consideration, and being fully advised in the premises, the Court will grant the motion.

## I.     BACKGROUND

Rodriguez, who is now 66 years old, was sentenced on November 1, 2019, to a 135-month term of imprisonment followed by 6 years of supervised release after pleading guilty to one count of conspiracy to distribute heroin and fentanyl in violation

of 21 U.S.C. §§ 846, 841(b)(1)(C), and 851; one count of distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2; and two counts of distribution of heroin and fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2. Doc. 147 at 1. She is currently incarcerated at FMC Carswell in Fort Worth, Texas, with an anticipated release date of August 20, 2028. *See* https://www.bop.gov/inmateloc/ (last accessed January 11, 2024).

On December 26, 2023, the Government filed the instant motion on behalf of the Director of the Federal Bureau of Prisons, requesting modification of Rodriguez's sentence due to her serious terminal medical condition. Doc. 147. The Court directed the Probation Office to report on the suitability of Rodriguez's proposed release plan. Doc. 148. On January 4, 2024, a suitability memorandum was filed, indicating that a pre-release home investigation and walkthrough of Rodriguez's daughter's residence was completed and that Probation found it suitable for the defendant's proposed release plan and term of supervised release. Doc. 150.

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations and citation omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

        (i) extraordinary and compelling reasons warrant such a reduction; or

        (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1).

### III.    DISCUSSION

#### A. Extraordinary and Compelling Reasons

"Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that . . . [e]xtraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(A).

The sentencing guidelines provide that "extraordinary and compelling reasons exist" for compassionate release when a defendant meets any one of several circumstances. The commentary to § 1B1.13 identifies a number of categories in which extraordinary and compelling circumstances may exist, including the defendant's medical condition, the defendant's advanced age, family circumstances, and other reasons. *See* U.S.S.G. § 1B1.13.

The U.S. Sentencing Commission submitted to Congress an amendment to the policy statement regarding compassionate release in the U.S. Sentencing Guidelines— which became effective November 1, 2023. *See* Sentencing Guidelines for U.S. Courts, 88 Fed. Reg. 28,254–28,259 (May 3, 2023); U.S. Sent'g Guidelines Manual ("U.S.S.G.") § 1B1.13 (U.S. Sent'g Comm'n, amended 2023). This amendment went into effect prior to the filing of the instant Motion, and it expands the medical circumstances that may justify compassionate release by recognizing serious medical

conditions requiring long-term care that is not being provided to a defendant while in custody. *See* U.S.S.G. Amend. 814, eff. Nov. 1, 2023. Thus, the Sentencing Commission provides, in relevant part, that extraordinary and compelling reasons may exist under the following circumstances:

1) Medical Circumstances of the Defendant.—

A. The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

B. The defendant is—

(i) suffering from a serious physical or medical condition,

(ii) suffering from a serious functional or cognitive impairment, or

(iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

C. The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death . . .

(2) Age of the Defendant—

The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.[1]

---

[1] United States Sentencing Comm'n, *2023 Amendments to the Sentencing Guidelines*, accessible online at https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

U.S.S.G. § 1B1.13, cmt. n. 1(A).

Furthermore, the policy statement retained a catch-all provision, which now provides that "extraordinary and compelling reasons" for compassionate release exist when "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons" enumerated by the policy statement, "are similar in gravity to those" enumerated reasons. *Id.* § 1B1.13(b)(5).

The Court may grant compassionate release under one or more criteria. *See id.* Pertinent here, the Government contends Rodriguez's medical condition constitutes an extraordinary and compelling reason to support her release. The Court agrees.

As noted by the motion, to which there is no opposition, Defendant Rodriguez has been diagnosed with stage IV small cell carcinoma with metastatic disease to her liver, brain, and skull. Doc. 147 at 2. Her prognosis is poor, and she is considered to have a terminal condition with a life expectancy of 18 months or less and an end-of-life trajectory. *Id.* The Court finds that Rodriguez's grave medical condition qualifies as an extraordinary and compelling reason to support a reduction in her sentence. Rodriguez has a release plan to live with her adult daughter, and the proposed release plan has been approved by the United States Probation Office for the Middle District of Florida. Doc. 150.

## B.    Section 3553 Factors

Having found that extraordinary and compelling reasons exist for Rodriguez's compassionate release, the Court must next consider the factors identified in 18 U.S.C. § 3553(a) to determine whether it can conclude that the "defendant is not a danger to

the safety of any other person or to the community, as provided in 18 U.S.C. § 3412(g)," U.S.S.G. § 1B1.13(2), and whether a reduction of her sentence is consistent with the Sentencing Commission's policy statements, 18 U.S.C. § 3582(c)(1)(A).

Upon review of the record, having considered the § 3553(a) factors, the Court determines that given Rodriguez's terminal medical condition in which she is suffering from stage IV small cell carcinoma, she is not presently a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(2); 18 U.S.C. §3142(g). Defendant Rodriguez has served over four years of her sentence, and thus the time served still reflects the seriousness of her offenses and promotes respect for the law. Additionally, the Court determines that imposition of the six-year term of supervised release as originally imposed is appropriate as it will afford adequate deterrence and further serve to protect the public. Although the Court finds Rodriguez unlikely to reoffend, a term of supervised release should effectively deter any such risk.

Accordingly, it is hereby

**ORDERED**:

1.     The Government's Motion to Reduce Term of Imprisonment to Time Served (Doc. 147) is **GRANTED**.

2.     Defendant Mary Bell Rodriguez's term of imprisonment is reduced to **TIME SERVED**.

3.     Defendant Mary Bell Rodriguez shall be released from the custody of the Federal Bureau of Prisons as soon as her medical condition permits, the release plan is implemented, and necessary travel arrangements can be made.

4.     Upon her release from the custody of the Federal Bureau of Prisons, Defendant Mary Bell Rodriguez shall begin serving the six-year term of supervised release previously imposed.

**DONE** and **ORDERED** in Tampa, Florida on January 16, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record;
Unrepresented Parties
United States Probation